**WO**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Blake Lynch,<br>Plaintiff,<br>v.<br>San Diego County Sheriff's Department,<br>Defendant. | No. CV-26-02767-PHX-JJT<br>**ORDER** |

At issue is Defendant County of San Diego's ("Defendant") Motion to Dismiss Pursuant to Rules 12(b)(2), 12(b)(3), & 12(b)(6) (Doc. 9, "MTD"), to which *pro se* Plaintiff Blake Lynch ("Plaintiff") filed a Response (Doc. 11, "Resp."), and Defendant filed a Reply (Doc. 12, "Reply.").[1] The Court has reviewed the parties' briefs and finds this matter appropriate for decision without oral argument. *See* LRCiv 7.2(f). For the reasons set forth below, the Court will dismiss the Verified Complaint (Doc. 1, "Compl.") for lack of personal jurisdiction.

## I. BACKGROUND

Plaintiff alleges he was arrested on January 7, 2011 in San Diego County for marijuana possession and subsequently transferred to a county jail in East San Diego County during the week of Monday, January 10, 2011. (Compl. at 1–2.) During that week,

[1] Defendant County of San Diego notes Plaintiff's erroneous naming of San Diego Sheriff's Department as a defendant in this case. For the purposes of this Order, the Court accepts that Defendant County is the proper entity to be sued.

Plaintiff alleges that San Diego County Detention Officers ("DOs") discovered that contraband was missing from a cell block. (Compl. at 2.)

Plaintiff alleges that the DOs "locked down" the cell block to search for the contraband and searched six inmates at a time, including Plaintiff, in an area visible to other inmates and the cameras in the cell block. (Compl. at 2.) Plaintiff states that the six inmates had all their clothing removed and were "directed to lift their penises in search of contraband followed by turning around facing away from the inmate population, bending over and spreading their buttocks for both inmates, staff and anybody watching cameras could see." (Compl. at 2.) The Verified Complaint states that this was "the most degrading and humiliating moment Plaintiff had ever experienced…." (Compl. at 2.)

The Verified Complaint notes that in March 2026, Plaintiff initiated a Notarial Protest against Defendant pursuant to the UCC and an Arizona statute. (Compl. at 2.) Further, Plaintiff alleges that in April of 2026, Defendant confirmed via correspondence with Defendant that a strip search had occurred in "Facility 8" (the facility where the search allegedly happened) on or about Wednesday, January 12, 2011. (Compl. at 3.)

Plaintiff now seeks to recover against Defendant for violation of 34 U.S.C. § 30301 *et seq*. (the "Prison Rape Elimination Act of 2003") and seeks to enforce his rights under UCC § 3-305 and Ariz. Rev. Stat. § 47-3505. (Compl. at 1.)

## II. LEGAL STANDARD

A federal court must have jurisdiction over the parties in order to adjudicate a matter. *Ins. Corp. of Ireland v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 701 (1982). "Where a defendant moves to dismiss a complaint for lack of personal jurisdiction, the plaintiff bears the burden of demonstrating that jurisdiction is appropriate." *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004) (citing *Sher v. Johnson*, 911 F.2d 1357, 1361 (9th Cir. 1990)).

Because there is no statutory method for resolving the question of personal jurisdiction, "the mode of its determination is left to the trial court." *Data Disc, Inc. v. Sys. Tech. Assocs., Inc.,* 557 F.2d 1280, 1285 (9th Cir. 1977). Where, as here, a court resolves

the question of personal jurisdiction upon motions and supporting documents, the plaintiff "must make only a prima facie showing of jurisdictional facts through the submitted materials in order to avoid a defendant's motion to dismiss." *Id.* In determining whether the plaintiff has met that burden, the "uncontroverted allegations in [plaintiff's] complaint must be taken as true, and conflicts between the facts contained in the parties' affidavits must be resolved in [plaintiff's] favor." *Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1019 (9th Cir. 2002) (citing *AT & T v. Compagnie Bruxelles Lambert*, 94 F.3d 586, 588 (9th Cir. 1996)).

To establish personal jurisdiction over a nonresident defendant, a plaintiff must show that the forum state's long-arm statute confers jurisdiction over the defendant and that the exercise of jurisdiction comports with constitutional principles of due process. *Omeluk v. Langsten Slip & Batbyggeri A/S*, 52 F.3d 267, 269 (9th Cir. 1995). Arizona's long-arm statute permits the exercise of personal jurisdiction to the same extent as the United States Constitution. *See* Ariz. R. Civ. P. 4.2(a); *Cybersell v. Cybersell*, 130 F.3d 414, 416 (9th Cir. 1997) (quoting *A. Uberti & C. v. Leonardo*, 892 P.2d 1354, 1358 (Ariz. 1995)) ("under Rule 4.2(a), 'Arizona will exert personal jurisdiction over a nonresident litigant to the maximum extent allowed by the federal constitution'"). Thus, a court in Arizona may exercise personal jurisdiction over a nonresident defendant so long as doing so accords with constitutional principles of due process. *Cybersell*, 130 F.3d at 416.

Due process requires that a nonresident defendant have sufficient minimum contacts with the forum state so that "maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (quoting *Milliken v. Meyer*, 311 U.S. 457, 463 (1940)). Courts recognize two categories of personal jurisdiction: specific jurisdiction and general jurisdiction. *See Ranza v. Nike, Inc.*, 793 F.3d 1059, 1068 (9th Cir. 2015). Specific jurisdiction may exist when the case arises out of or is related to a defendant's contacts with the forum state. *Id.* (citing *Helicopteros Nacionales de Colombia, S.A. v. Hall,* 466 U.S. 408, 414 n.8 (1984)). A court may exercise general jurisdiction over a defendant if the defendant's connections to the forum state "are

so 'continuous and systematic' as to render them essentially at home in the forum State." *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011) (quoting *Int'l Shoe Co.*, 326 U.S. at 317.

## III. ANALYSIS

### a. Personal Jurisdiction

Defendant moves to dismiss for lack of personal jurisdiction pursuant to Rule 12(b)(2). (MTD at 1.) Defendant argues that the Court does not have general jurisdiction over Defendant. (MTD at 2.) General jurisdiction is proper when a defendant's contacts with the forum state are sufficiently "continuous and systematic." *Goodyear*, 564 U.S. at 919. Defendant's argument here is that Plaintiff has not alleged any facts showing a systematic or continuous series of contacts between the County of San Diego and the State of Arizona. (MTD at 2.)

In the Response, Plaintiff preliminarily argues that Defendant accepted jurisdiction when it "dishonored" Plaintiff's notarial protest. (Resp. at 2.) Plaintiff also asserts theories of continuous and systematic contacts. He argues the County of San Diego and State of Arizona are in "constant communication" in order to facilitate extradition of inmates and criminal suspects who are to be tried in the County of San Diego. (Resp. at 2.) Plaintiff argues that "[i]interstate compact inmates apply for hardship conditions" to the County of San Diego, and that persons released from incarceration often ask to serve their conditions of release in the County of San Diego. (Resp. at 2.) Plaintiff also states that the County of San Diego and State of Arizona are engaged in "daily communications," and that Arizona plaintiffs frequently file suit in the District of Arizona against out-of-state agencies for civil rights violations. (Resp. at 3.)

The Court finds it does not have general jurisdiction over Defendant. The Court is unconvinced that Defendant accepted jurisdiction with its alleged dishonoring of the notarial protest. Plaintiff cites no authority for the proposition that such an action constitutes consent to personal jurisdiction. (*See* Resp. at 2.) Further, as Defendant notes, Plaintiff has not alleged that the County of San Diego has entered into a contract with

Plaintiff or done business with any other Arizona resident in such a way that would avail the County of Arizona law. (*See generally* Resp.; Reply at 2.)

The Court now turns to the question of continuous and systematic contacts. Although the Court takes as true the fact that the County of San Diego and State of Arizona are engaged in "constant communication" regarding extradition and incarceration, Plaintiff fails to allege the contacts are continuous and systematic, and instead seem rather limited to isolated instances in which these entities happen to have a need to communicate with each other regarding a particular crime, trial, or inmate. (Resp. at 2, Reply at 2.) Plaintiff does not even allege Defendant and the State of Arizona communicated about him in the conduct giving rise to this action. (*See generally* Compl; Resp.) Plaintiff's contention would also mean that personal jurisdiction should extend to any state that extradites to Arizona, including Maine, Hawai'i, or Alaska. The Court will not permit the wholesale disregard for basic personal jurisdiction principles. Further, Plaintiff's observation that Arizona plaintiffs often sue out-of-state agencies in this District does not demonstrate any continuous and systematic relationship between Arizona and specifically the County of San Diego. (*See* Resp. at 3.) There is no general jurisdiction.

The exercise of specific jurisdiction would also be improper. The Court has specific jurisdiction when a plaintiff shows the lawsuit arises out of the defendant's purposeful contacts with the forum state. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985). However, the operative facts of this instant case occurred entirely in the County of San Diego. (*See generally* Compl.; Resp.) Therefore, the Court has no personal jurisdiction over this matter. Because the Court has no jurisdiction, the Court will not address any remaining issues in the pleadings. *See Boehm v. Airbus Helicopters Inc.*, 527 F. Supp. 3d 1112, 1123 (D. Ariz. 2020) (declining to address other arguments in a motion to dismiss when the court found a lack of personal jurisdiction over the defendant).

**b. Leave to Amend**

Plaintiff requests leave to amend his Verified Complaint to remedy jurisdictional defects. (Resp. at 3.) The Court finds that amendment would be futile. The jurisdictional

analysis entirely relies on the contacts between Defendant and the state of Arizona. Plaintiff will be unable to plead additional facts that would show this Court has general or specific jurisdiction over the County of San Diego without rendering the rules of personal jurisdiction effectively meaningless as applied to counties that extradite detained individuals – probably every county in the country. Accordingly, the Court will deny Plaintiff's request for leave to amend. *See Flowers v. First Hawaiian Bank*, 295 F.3d 966, 976 (9th Cir. 2002) (acknowledging that even *pro se* pleadings can be dismissed without leave to amend when amendment would be futile).

**IT IS THEREFORE ORDERED** granting Defendant's Motion to Dismiss (Doc. 9) for lack of personal jurisdiction.

**IT IS FURTHER ORDERED** denying Plaintiff's request for leave to amend. The Clerk of Court shall dismiss the Verified Complaint (Doc. 1) and close this case.

Dated this 20th day of October, 2026.

Honorable John J. Tuchi
United States District Judge